STATE OF MINNESOTA

IN SUPREME COURT

A15-1148

FILED

November 5, 2015

OFFICE OF
APPELLATE COURTS



In re Petition for Disciplinary Action against
John Hugh B. Gilmore, a Minnesota Attorney,
Registration No. 0175523.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John Hugh B. Gilmore committed professional misconduct warranting public discipline, namely: failing to provide competent and diligent representation in an appeal by appealing from non-appealable orders and failing to file an appeal after entry of final judgment in the case, in violation of Minn. R. Prof. Conduct. 1.1, 1.3, and 3.2; failing to communicate with the client about the appeal and provide the client with requested billing statements and collecting an unreasonable fee related to the appeal, in violation of Minn. R. Prof. Conduct 1.5(a) (2007), and Minn. R. Prof. Conduct 1.3, 1.4, and 3.2; and failing to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 8.1(b) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The parties filed a stipulation for discipline with the court. In it, respondent waived his rights under Rule 14, RLPR, unconditionally admitted the allegations in the petition, and with the Director recommended that the appropriate discipline is a public reprimand and 2 years of probation.

1

After the stipulation for discipline was filed, the court ordered the parties to provide the court with additional information regarding respondent's unreasonable fee. The Director filed a response to the court's order, and respondent relied on that response.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Respondent John Hugh B. Gilmore is publicly reprimanded.

2.    Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

3.    Respondent is placed on probation for 2 years, subject to the following conditions:

> (a)    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

> (b)    Respondent shall abide by the Minnesota Rules of Professional Conduct; and

> (c)    Respondent is not currently practicing law. Should respondent decide to resume the practice of law, he will notify the Director of that fact not less than 4 weeks before doing so, at which time the following additional conditions will become effective for the balance of respondent's probation:

2

i.     Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks of respondent notifying the Director of his intent to resume the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files as described in paragraph ii below. Respondent shall make active client files available to the Director upon request;

ii.     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

iii.     Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

Dated:  November 5, 2015                    BY THE COURT:

David R. Stras
Associate Justice